# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:06-CR-85-MR-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THOMAS MCKOY RICHARDSON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion By AOL LLC To Quash Subpoena (Rule 17)" (Document No. 31), filed January 4, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, the applicable authority, and the arguments of the parties at a hearing on January 7, 2008, the undersigned will respectfully <u>grant</u> the motion to quash.

## I. BACKGROUND

In an effort to support his motion to suppress in this matter, Defendant issued a subpoena to "Ms. Abigail Abraham or Custodian of Records" at AOL, LLC on December 10, 2007. (Document No. 31-2). This subpoena was marked as received by the AOL legal department on December 12, 2007. The subpoena specifically commanded AOL to

> Appear and produce all records . . . relating to AOL's coordination of efforts[,] training and/or strategic partnerships with all agencies of the United States Department of Justice, the United States Postal Service, the Secret Service, the Internet Crimes Against Children Task Force within the Department of Justice, and the National Center for Missing and Exploited Children, regarding the detection and reporting of child pornography content in emails and/or web browsing activit[y] by

> AOL subscribers or on its network. . . .

AOL LLC ("AOL") filed its motion to quash the subpoena (Document No. 31) on January 4, 2008. The undersigned heard arguments on the motion on January 7, 2008 – the date previously set by the Court for argument on the Defendant's motion to suppress.

## II. DISCUSSION

Subpoenas in criminal cases are addressed in Rule 17 of the Federal Rules of Criminal Procedure. With regard to motions to quash, Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

As an initial matter, the timing of the filing of this motion to quash does raise concerns as to whether the motion was "made promptly." At first blush, certainly the filing of the motion to quash on the afternoon of the last business day prior to the date the subpoenaed materials are to be produced for the Defendant's use in a hearing on his motion to suppress does stretch the boundaries of promptness. However, upon consideration of the arguments from the parties on this issue at the January 7, 2008 hearing, the undersigned is satisfied that the motion should not be denied on the basis of a lack of promptness.

Among other things, there appears to be no dispute that the parties had engaged in at least two lengthy conversations in the months prior to the motion's filing attempting to resolve the matter. Although a more timely filing of the motion would have been preferable, it is clear to the undersigned that Defendant fully anticipated the motion to quash and that Defendant therefore was not unreasonably disadvantaged by its filing. Furthermore, in an effort to be as fair as possible, the undersigned at the January 7, 2008 hearing offered the Defendant the opportunity to file a written

response to the motion to quash, and the Defendant declined.

We thus turn to the merits of the motion. AOL's motion to quash includes an affidavit from its Assistant General Counsel, John R. LoGalbo. (Document No. 31-3). Mr. LoGalbo's affidavit essentially describes tools AOL uses to protect its network and customers from detrimental files. The affidavit describes the scanning tools and hash values that AOL developed to proactively detect child pornography. The affidavit explains that if AOL identifies files with child pornography through the use of its scanning tools, it is required by 42 U.S.C. 13032 to notify the National Center for Missing and Exploited Children ("NCMEC"). Mr. LoGalbo seems to deny any coordination between AOL and any law enforcement agency in detecting child pornography. AOL takes the position that the documents the Defendant seeks do not exist – and that conducting the search to confirm that fact will be unreasonable and oppressive.

Defendant contends that the subpoena served on AOL should be enforced. The Defendant wants these documents because he believes they might support one of the alternative theories in his motion to suppress – that AOL acted as an agent of federal law enforcement, and in that agency capacity, conducted an unconstitutional search by using the scanning tools. The Defendant argues that AOL should not be allowed to quash the subpoena simply because its attorneys contend the requested materials do not exist. The Defendant makes an articulate and creative argument in support of his theory; nevertheless, in the end, the undersigned finds that the subpoena is overly broad and should be quashed.

Rule 17(c)(2) allows a subpoena to be quashed or modified if "compliance would be unreasonable or oppressive." In <u>United States v. Nixon</u>, 418 U.S. 683 (1974), the Supreme Court observed that Rule 17(c) "was not intended to provide a means of discovery for criminal cases" and

that the issuer of a subpoena has the burden to demonstrate that the information sought is relevant, admissible, and specific. Nixon, 418 U.S. at 698-700; see also United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996). The undersigned has considered, and at the hearing explicitly opened the door for Defendant to suggest, a modification of the subpoena, but Defendant failed to suggest a satisfactory alternative to the subpoena as originally drafted. In the view of the undersigned, under prevailing law, the subpoena is unacceptably broad, thus making compliance "unreasonable or oppressive." It must be quashed.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the "Motion By AOL LLC To Quash Subpoena (Rule 17)" (Document No. 31) is **GRANTED**.

Signed: January 16, 2008

David C. Keesler
United States Magistrate Judge

4