**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:06cr85**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **THOMAS McKOY RICHARDSON** | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to

Suppress [Doc.25] filed July 24, 2007, and Motion by AOL, LLC (AOL) to

Quash Subpoena (Rule17) [Doc.31] filed January 4, 2008.  Both motions

were referred to the Magistrate Judge pursuant to 28 U.S.C. §636.  The

Magistrate Judge issued a Memorandum and Recommendation [Doc.35]

recommending that the Motion to Suppress be denied, to which the

Defendant filed timely objections [Doc.39].  The Magistrate Judge entered

an Order granting the Motion to Quash [Doc.34], to which the Defendant

filed timely objections and moved the Court to modify or set aside the

Order. [Doc.38].

The Defendant having filed timely objections to the Memorandum

and Recommendation that the Motion to Suppress be denied, the Court reviews *de novo* the particular recommendation to which objections have been filed. Fed. R. Crim. Pro. Rule 59(b)(3). The Defendant has objected to the Magistrate's recommendation that there was sufficient probable cause for the issuance of the search warrant which led to his arrest. The affidavit in support of that warrant, he argues, was deficient because it contained no allegation that the Defendant had committed any crime at his then current address or that there was a computer located at that address.

Special Agent John White of the North Carolina State Bureau of Investigation (SBI) provided the affidavit in support of the search warrant. [Doc. 25-2, filed July 24, 2007]. He explained in detail the chain of events which led the SBI to suspect that the Defendant was involved with child pornography. In June 2004, the National Center for Missing and Exploited Children (Center) received a complaint from America Online (AOL) that it had discovered the transmission of an e-mail message containing child pornography by a user known as "knifeisland@aol.com" [Id., at ¶10]. The SBI issued an administrative subpoena to AOL and learned that this email address belonged to Thomas M. Richardson living at 2541 Pine View Lane, Apartment H, Gastonia, N.C. [Id., at ¶11]. When the SBI

investigated whether Richardson still lived at that address, it learned that as of August 2004, he did not. [Id., at ¶12]. In September 2005, the Center received another complaint from AOL about an email containing child pornography. [Id., at ¶14]. AOL reported the email address as [tr1029@aol.co](mailto:tr1029@aol.com)m, an account associated with Thomas Richardson, 8508 Park Road, Charlotte, N.C. [Id., at ¶15-16]. Upon receiving this information, the SBI investigated the current address for Richardson and found that he was living at 7805 Andover Woods Drive, Apartment 604, Charlotte, N.C. [Id., at ¶16]. The investigation also showed, based on Richardson's North Carolina driver's license, that he had used the previous addresses. [Id.]. In addition, the United States Postal Service advised that Richardson now received mail at the Andover Woods address. [Id., at ¶17]. The manager of the apartment complex confirmed that Richardson lived there and his most recent driver's license showed that as his address. [Id., at ¶18-19]. Richardson had a criminal history for sex offenses involving children. [Id., at ¶20-21].

The Defendant argues that this is insufficient to show that at the time of the search warrant, he owned a computer at the Andover Woods apartment or was involved with child pornography at that location. The

warrant that issued, he argues, was "a general warrant which could serve as a form or template by merely inserting blanks for the suspect's name, address and a NCMEC report." [Doc. 39, supra., at 2]. And, he argued, the Magistrate completely failed to address the "staleness" issue. [Id.].

Contrary to these statements, the Magistrate Judge cited United States v. Summage, 481 F.3d 1075, 1078 (8th Cir. 2007), a case dealing with almost identical facts. The Eighth Circuit there noted that probable cause sufficient to support a search warrant means a showing of facts, under the totality of the circumstances, to create a "fair probability *that evidence of a crime will be found in the place to be searched*." Id., at 1077 (emphasis added, citations omitted). There is no requirement that the crime occurred at the place to be searched.

> The date of the occurrence of the facts relied upon in an affidavit is of importance in the determination of probable cause because untimely information may be deemed stale. "There is no bright-line test for determining when information is stale. ... Time factors must be examined in the context of a specific case and the nature of the crime under investigation." Here, ... we conclude that it could be presumed that Summage would maintain in his possession the video and photographs that he made of the sexual encounter between Doe and the waiting woman. Thus, the affidavit's failure to include the date of that encounter is not fatal to a determination that probable cause existed for a search of Summage's new residence.

Id., at 1078. Likewise, nexus was shown because it was reasonable to

infer that Summage would have the video and photographs at his new residence.  Id.; *accord*, <u>United States v. Moyer</u>, 2007 WL 4197411 **2 (9th Cir. 2007) ("The chronology of Moyer's subscriptions to two websites devoted to child pornography, his failure to cancel either membership, his prior conviction for distribution of child pornography, and *the common practice of child pornography collectors of storing illegal images on their home computers combine to create a fair probability that downloaded images from the ... websites would be found on Moyer's home computers.*") (emphasis provided).

With regard to the applicability of the good faith exception to the probable cause requirement, the Court finds the Defendant's objections do not warrant *de novo* review.  "Having found that the search warrant was valid, the Magistrate Judge naturally found good faith on the part of the law enforcement personnel who presented it." [Doc. 39 at 3].  It is unclear whether this statement is meant to be sarcastic but the assumption that the Magistrate Judge would automatically rule in favor of law enforcement does not warrant discussion.

However, because there was probable cause for the warrant, the issue concerning the good faith exception need not be reached.  That

portion of the objection will be overruled as moot, and the portion of the Motion to Suppress concerning the absence of good faith for the search will be denied as moot.

The Defendant also objects to that portion of the Memorandum and Recommendation concerning whether AOL acted as an agent of the government. The Magistrate concluded that AOL routinely scans in order to prevent its network from being used to further child pornography. When such pornography is located, AOL, like all internet providers, is required to report it to the Center. Citing <u>United States v. Jarrett</u>, 338 F.3d 339 (4th Cir. 2003), the Magistrate concluded that the Defendant had failed to meet his burden to show an agency relationship. [Doc. 35 at 9-10].

The Defendant's objection on this point is confusing. He states "Defendant would concede that the facts contained in the Motion to Suppress regarding AOL's relationship and partnership with law enforcement do not, in themselves, establish an agency relationship under the test set forth in [<u>Jarrett</u>]," [Doc. 39, <u>supra</u>], which would appear to negate the objection. Based thereon, however, it appears that Defendant's argument is that AOL's motion to quash the subpoena issued to it by the Defendant was erroneously granted, and without the information which the

Defendant would have gleaned from that subpoena, he is unable to meet his burden of proof.

The Court rejects this attempt to bootstrap an objection based on the granting of the motion to quash. The Defendant has conceded the issue and the motion to suppress on the agency issue was properly denied.

The Defendant filed timely objections to the Order of the Magistrate Judge granting the AOL's Motion to Quash and the Court has reviewed the Magistrate Judge's action to determine whether any of the portions objected to are contrary to law or clearly erroneous. Fed. R. Crim. Pro. Rule 59(a). The Court determines that no portion of the Magistrate Judge's Order is contrary to law or clearly erroneous, and that the reasons set forth in that Order are correct and should be affirmed.

**IT IS THEREFORE ORDERED** that the Memorandum and Recommendation of the Magistrate Judge regarding the Motion to Suppress is affirmed and the Objections thereto are overruled and the Motion to Suppress is **DENIED**.

**IT IS FURTHER ORDERED** that the objections to the Order of the Magistrate Judge Quashing the Subpoena to AOL, LLC are **OVERRULED**, and the Defendant's Motion to modify or set aside that Order is **DENIED**.

Signed: March 20, 2008

Martin Reidinger
United States District Judge

8