# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:06-cr-00085-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THOMAS McCOY RICHARDSON, JR., ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's second "Motion to Transfer Jurisdiction over Probationer Pursuant to 18 U.S.C. 3605" [Doc. 87].

On October 20, 2016, the Defendant filed a motion requesting the entry of an order transferring jurisdiction over his term of supervised release to the District of South Carolina. [Doc. 85]. On November 4, 2016, the Court denied the Defendant's motion as premature in light of his projected release date of May 2019. [Doc. 86].

The Defendant now files a second motion for a transfer of jurisdiction over his term of supervised release. [Doc. 87]. For grounds, the Defendant states that since his last motion, he has received a one-year reduction of

sentence, making his projected release date May 11, 2018. Further, he states that he has applied for a placement in a halfway house in Columbia, South Carolina. [Id.].

The Defendant's renewed motion must be denied without prejudice. The Defendant has not yet been released to a halfway house and thus his term of supervision has not commenced. Accordingly, his motion for a transfer of jurisdiction related to his term of supervised release is premature. If and when the Defendant is placed in a halfway house, the Defendant may ask his supervising probation officer to request a transfer of jurisdiction by the Court.

**IT IS, THEREFORE, ORDERED** that the Defendant's second "Motion to Transfer Jurisdiction over Probationer Pursuant to 18 U.S.C. 3605" [Doc. 87] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: March 1, 2017

Martin Reidinger
United States District Judge